## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ULISES ALBERTO UMANZOR )
6905 23rd Place )
Hyattsville, Maryland 20783 )
)
     PLAINTIFF, )
)
v. )     Case No.:_____
)
CORINTHIAN CONTRACTORS, INC. )
8510 Westphalia Road, )
Upper Marlboro, Maryland 20774 )
)
     **Serve:** )
     Professional Registered Agents, Inc. )
     888 17th Street, NW, Suite 1050 )
     Washington, DC 20006 )
)
And )
)
GRUNLEY CONSTRUCTION CO., INC. )
15020 Shady Grove Road, Suite 500 )
Rockville, Maryland 20850 )
)
     **Serve:** )
     Royal Service Company, Inc. )
     1025 Connecticut Ave., NW, Suite 1000 )
     Washington, DC 20036 )
)
And )
)
COAKLEY & WILLIAMS )
CONSTRUCTION, INC. )
7475 Wisconsin Avenue, Suite 900 )
Bethesda, Maryland 20814 )
)
     **Serve:** )
     Corporation Service Company )
     1090 Vermont Ave., NW )
     Washington, DC 20005 )
)
And )

GILBANE DEVELOPMENT CO.   )
7 Jackson Walkway,      )
Providence, RI 02903     )
             )
   **Serve:**      )
   CT Corporation System  )
   1015 15th Street, NW, Suite 1000 )
   Washington, DC 20005  )
             )
And          )
             )
GCS-SIGAL CONSTRUCTION  )
COMPANY, LLC      )
1140 3rd Street, NE, 2nd Floor  )
Washington, DC 20002    )
             )
   **Serve:**      )
   Incorp Services, Inc.   )
   1100 H Street, NW, Suite 840 )
   Washington, DC 20005  )
             )
And          )
             )
TRINITY GROUP CONSTRUCTION, INC. )
13849 Park Center Road, Suite A  )
Herndon, VA 20171     )
             )
   **Serve:**      )
   Katie Lane Chaverri, Esq.  )
   2001 L Street, NW, Suite 500 )
   Washington, DC 20036  )
             )
   DEFENDANTS.    )
             )

## <u>COMPLAINT AND DEMAND FOR TRIAL BY JURY</u>

COMES NOW, Ulises Alberto Umanzor ("Plaintiff"), by and through undersigned counsel, hereby files this Complaint and Demand for Trial by Jury against Defendants Corinthian Contractors, Inc. ("Corinthian"), Grunley Construction Co., Inc. ("Grunley"), Coakley & Williams Construction, Inc. ("CW"), Gilbane Development Co. ("Gilbane"), GCS-Sigal Construction

Company, LLC ("Sigal"), and Trinity Group Construction, Inc. ("Trinity") (collectively, "Defendants"), and states as follows:

## PARTIES

1.     Plaintiff is an adult resident and domiciliary of the State of Maryland, residing at 6905 23rd Place, Hyattsville, Maryland 20783.

2.     Corinthian is a corporation formed under the laws of the Commonwealth of Virginia that operates its principal place of business in Maryland at the location, 8510 Westphalia Road, Upper Marlboro, Maryland 20774.

3.     During the period relevant to this action, Corinthians operated substantially and continuously in Maryland, Virginia, and the District of Columbia.

4.     Grunley is a corporation formed under the laws of the State of Maryland that operates its principal place of business in Maryland at the location 15020 Shady Grove Road, Suite 500, Rockville, Maryland 20850.

5.     During the period relevant to his action, Grunley operated substantially and continuously in Maryland, Virginia, and the District of Columbia.

6.     CW is a corporation formed under the laws of the State of Maryland that operates its principal place of business in Maryland at the location 7475 Wisconsin Avenue, Suite 900, Bethesda, Maryland 20814.

7.     During the period relevant to this action, CW operated substantially and continuously in Maryland, Virginia, and the District of Columbia.

8.     Gilbane is a corporation formed under the laws of the State of Rhode Island that operates its principal place of business in Rhode Island at the location 7 Jackson Walkway, Providence, Rhode Island 02903.

9.     During the period relevant to this action, Gilbane operated substantially and continuously in Maryland, Virginia, and the District of Columbia.

10.     Sigal is a limited liability company formed under the laws of the District of Columbia that operates its principal place of business in the District of Columbia at the location 1140 3rd Street, NE, 2nd Floor, Washington, DC 20002.

11.     During the period relevant to this action, Sigal operated substantially and continuously in Maryland, Virginia, and the District of Columbia.

12.     Trinity is a corporation formed under the laws of the Commonwealth of Virginia that operates its principal place of business in Virginia at the location, 13849 Park Center Road, Suite A, Herndon, Virginia 20171.

13.     During the period relevant to this action, Trinity operated substantially and continuously in Maryland, Virginia, and the District of Columbia.

## JURISDICTION AND VENUE

14.     In this action, Plaintiff seeks damages and relief against Defendants under the Federal Fair Labor Standards Act ("FLSA"), Federal Family Medical Leave Act ("FMLA"), Maryland Wage Hour Law ("MWHL"), Maryland Wage Payment Collection Law ("MWPCL"), District of Columbia Minimum Wage Act Revision Act ("DCMWA"), District of Columbia Wage Payment Collection Law ("DCWPCL"), Virginia Wage Payment Act, ("VWPA"), Virginia Minimum Wage Act, ("VMWA"), and for wrongful termination in violation of Maryland Public Policy.

15.     In this action, Plaintiff alleges Counts and claims for relief against Defendants arising under laws of the United States and common and factually interrelated claims for relief against Defendants arising under the laws of Maryland, Virginia, and the District of Columbia.

16.     This Court properly confers "Federal Question" Jurisdiction over Plaintiff's Federal claims against Defendants this matter pursuant to 28 U.S.C. § 1331, and properly confers supplemental jurisdiction over Plaintiff's interrelated claims arising under the laws of Maryland, Virginia, and District of Columbia claims against Defendants in this matter pursuant to 28 U.S.C. § 1367.

17.     The acts and omissions giving rise to this action occurred in the District of Columbia, Maryland, and Virginia.

18.     Venue is proper in the United States District Court for the District of Columbia pursuant to 28 U.S.C. § 1391(b)(1) because the acts and omissions giving rise to this action occurred partially in the District of Columbia and each of the Defendants operated substantially and continuously within the District of Columbia during the period relevant to this action.

## STATEMENT OF FACTS

19.     On or about June 14, 2017, Plaintiff began his direct employment for Corinthian as an engineer and/or field engineer.

20.     Plaintiff's initial compensation from Corinthian was a weekly salary of $1,600.00.

21.     From on or about April 2020 to June 2022, Corinthian paid Plaintiff a weekly salary of $1,700.00.

22.     From on or about June 2022 until the termination of Plaintiff's employment, Corinthian paid Plaintiff a weekly salary of $1,870.00.

23.     During the period relevant to this action, while Plaintiff performed direct employment duties under the employment of Corinthian, Corinthian operated under a direct subcontractor relationship on various construction and related projects in the District of Columbia,

Maryland, and Virginia, under the direction, supervision, and control of various superior and/or general contractors, including, but not limited to, Grunley, CW, Gilbane, Sigal, and Trinity.

24. While employed by Corinthian, Plaintiff's primary job duty was to read and analyze blueprints to then organize and assist laborers to complete the plans in the blueprints.

25. The construction and related projects on which Plaintiff performed employment duties for the benefit of Corinthian and its superior and/or general contractors during the relevant period include, but are not limited to:

    a. John Lewis Elementary School, located at or near 1338 Farragut Street, NW, Washington, DC 20011, from on or about May 13, 2020, through September 2020. On this project, Plaintiff performed duties under the management, supervision, and control of Corinthian and its superior and/or general contractor, Gilbane;

    b. Eaton Elementary School, located at or near 3301 Lowell Street, NW, Washington, DC 20008, from on or about October 2020 through December 24, 2020.  On this project, Plaintiff performed duties under the management, supervision, and control of Corinthian and its superior and/or general contractor, Sigal;

    c. USG Health and Wellness Facility located at or near 1000 Colonial Farm Road, McLean, Virginia 22101, from on or about January 2021, through March 2022.  On this project, Plaintiff performed duties under the management, supervision, and control of Corinthian and its superior and/or general contractor, CW;

    d. The Children's School located at or near 4420 Fairfax Drive, Unit 202, Arlington, Virginia 22203, from on or about July 2021 through August 2021.  On this project, Plaintiff performed duties under the management, supervision, and control of Corinthian and its superior and/or general contractor, Trinity;

e.  St. Elizabeth's East Campus Parcel 6 Parking Garage located at or near 1201 Oak Drive, SE, Washington, DC 20032, from on or about November 4, 2021, through January 17, 2022.  On this project, Plaintiff performed duties under the management, supervision, and control of Corinthian and its superior and/or general contractor, Grunley; and

f.  USG HQ Parking Garage located at or near 1000 Colonial Farm Road, McLean, Virginia 22101, from on or about March 2022, through June 30, 2022.  On this project, Plaintiff performed duties under the management, supervision, and control of Corinthian and its superior and/or general contractor, Grunley.

26.  During the periods Plaintiff performed work duties on the above projects, Corinthian and its co-Defendant superior and/or general contractors on each project, together and individually, had full authority to direct, alter, supervise, and manage Plaintiff's job duties and responsibilities on each project.

27.  During the periods Plaintiff performed work duties on the above projects, Corinthian and its co-Defendant superior and/or general contractors on each project, together and individually, had full authority to discipline, suspend, and/or terminate Plaintiff for violating workplace rules, policies, and/or procedures on the assigned project.

28.  Plaintiff worked for Corinthian continuously on projects in Maryland, Virginia, and the District of Columbia, from approximately June 14, 2017, until the date Corinthian terminated his employment, June 30, 2022.

29.  During the period June 14, 2017, through June 30, 2022, Plaintiff performed job duties for the benefit of Corinthian and the co-Defendant superior and/or general contractors on

each project Plaintiff worked, that were not exempt from the Federal, Maryland, Virginia, and/or the District of Columbia time-and-one-half overtime compensation requirement.

30.    During the period June 14, 2017, through June 30, 2022, Plaintiff regularly and customarily performed job duties for the benefit of Corinthian and the co-Defendant superior and/or general contractors on each project Plaintiff worked, in excess of forty (40) hours per week.

31.    During the period June 14, 2017, through June 30, 2022, Corinthian and the co-Defendant superior and/or general contractors on each project Plaintiff worked, directed, managed, supervised, and had actual knowledge of all hours Plaintiff worked each week and suffered or permitted Plaintiff to regularly and customarily work overtime in excess of forty (40) hours per week.

32.    From on or about June 14, 2017, through June 30, 2022, Corinthian and the co-Defendant superior and/or general contractors on each project Plaintiff worked, paid Plaintiff as a salaried employee for forty (40) hours per week and failed to pay Plaintiff time-and-one-half overtime wages for overtime Plaintiff worked over forty (40) hours per week.

33.    At all times relevant to this action, Defendants, together and individually, had actual and/or constructive knowledge of the District of Columbia, Maryland, Virginia, and Federal overtime compensation and wage payment requirements.

34.    At all times relevant, Defendants, together and individually, had actual and/or constructive knowledge that their failure to pay Plaintiff at the legally required time-and-one-half rate for overtime Plaintiff worked in excess of forty (40) hours per week was in direct violation of the District of Columbia, Maryland, Virginia, and Federal overtime compensation and wage payment requirements.

35.     On or about June 4, 2022, Plaintiff's minor son began treatment at Children's National Hospital for a serious and life-threatening genetic health condition.

36.     On or about June 6, 2022, Plaintiff told Jose Molina ("Mr. Molina"), his supervisor and an agent of Corinthian, that his son was experiencing a serious medical condition which required his hospitalization at Children's National Hospital.

37.     On or about June 6, 2022, Plaintiff expressly requested time off from work from Mr. Molina to visit his ailing son and assist in his care, medical treatment, and physical, mental, and emotional health and well-being.

38.     On information and belief, on or about June 6, 2022, Mr. Molina elevated Plaintiff's medical leave request to another Corinthian manager/supervisor, Declan Munslow ("Mr. Munslow").

39.     On or about June 6, 2022, Corinthian, by and through Mr. Molina, informed and/or failed to inform Plaintiff that his request for medical leave was denied.

40.     In or about the middle of June 2022, Mr. Munslow instructed Plaintiff that any and all requests for medical leave and/or time off from work should be made by Plaintiff directly to Mr. Munslow.

41.     In or about the middle of June 2022, Plaintiff told Mr. Munslow that he had been working as a full-time employee for Corinthian for almost five (5) years and that he needed to take leave from his work duties to visit, care for, provide medical treatment, and provide physical, mental, and emotional health and well-being assistance for his ailing son while he was receiving treatment at Children's National Hospital.

42.     In or about the middle of June 2022, in response to Plaintiff's leave request, Mr. Munslow informed and/or failed to inform Plaintiff that his request was denied.

43.    Arising from Plaintiff's medical leave request, and in retaliation for the same, in or about the middle of June 2022, Mr. Molina began telling Plaintiff's co-workers that Plaintiff was lazy, trying to get out of work, and did not do anything while at work.

44.    Arising from Plaintiff's medical leave request, and in retaliation for the same, Defendant began assigning Plaintiff a heavily increased workload with unrealistic completion timeline expectations, resulting in Plaintiff's work being heavily criticized as well as Plaintiff being personally chastised by Corinthian's managers and supervisors.

45.    On or about June 21, 2022, Plaintiff's wife received a call from Mr. Molina who stated that Plaintiff was making up stories about their son, that Plaintiff did not want to go to work anymore, and that Plaintiff was involved in a fight with Mr. Munslow. Plaintiff's wife told Mr. Molina to leave her alone and that he had no idea what they as a family were going through.

46.    Corinthian's denial of Plaintiff's medical leave requests, coupled with the retaliation Corinthian perpetrated against Plaintiff for requesting the same caused Plaintiff to suffer personal health issues requiring medical attention.

47.    On or about June 27, 2022, Plaintiff immediately went to Children's National Hospital after his shift to see his son and was told by the doctors and nurses there that his son was in grave condition.

48.    On or about June 27, 2022, while Plaintiff was at the hospital attending to his gravely ill son, on this date and time, Mr. Munslow, on behalf of Corinthian, called Plaintiff demanding to know where he was, how much work he had completed, and when he would be working for Corinthian that day.

49.    On or about June 30, 2022, Corinthian, by and through Mr. Munslow, terminated Plaintiff's employment, telling Plaintiff to turn in his materials and give them to another engineer.

50. The primary and motivating cause for Corinthian's termination of Plaintiff's employment was retaliation for Plaintiff's requests for and/or taking medical leave related to or arising from his son's medical treatment and Plaintiff's need to assist in his son's medical care and provide physical, mental and emotional health and well-being during his course of treatment.

51. On July 2, 2022, Plaintiff's succumbed to his illness and passed away.

52. Corinthian's denial and/or interference with and retaliation for Plaintiff's medical leave requests prevented Plaintiff from caring for his very ill son in his dying days while receiving treatment in the hospital caused Plaintiff to suffer severe substantial mental and emotional harm and Corinthian's subsequent termination of Plaintiff, motivated by and arising from Plaintiff's requests for and/or taking of medical leave, caused Plaintiff to suffer severe mental and emotional harm and lost wages and related economic damages.

53. Corinthian's malicious treatment of Plaintiff while he attempted to care for his gravely ill and dying minor son and ultimate termination of Plaintiff arising from the same is so outrageous and depraved that it warrants and necessitates an award of punitive damages.

## COUNT I
### VIOLATION OF THE FLSA
**(Defendants Corinthian**
**Contractors, Inc., Grunley Construction Co., Inc.,**
**Coakley & Williams Construction, Inc., Gilbane Development Co.,**
**GCS-Sigal Construction Company, LLC, and Trinity Group Construction, Inc.)**

54. Plaintiff re-alleges every allegation set forth above as if each were set forth herein.

55. During the period of Plaintiff's employment, Corinthian and its co-Defendant superior and/or general contractors on each project on which Plaintiff worked in Maryland, Virginia, and the District of Columbia, qualified as Plaintiff's employers and/or joint employers under the FLSA.

11

56.    During the period of Plaintiff's employment, Plaintiff qualified as an employee of Corinthian and its co-Defendant superior and/or general contractors on each project on which Plaintiff worked in Maryland, Virginia, and the District of Columbia under the FLSA.

57.    While in Defendants' employ, Plaintiff performed overtime work duties for the primary benefit of Defendants in the District of Columbia, Commonwealth of Virginia, and Maryland in excess of forty (40) hours per week, for which Defendants failed to compensate Plaintiff at the time-and-one-half rate required by FLSA for overtime Plaintiff worked over forty (40) hours per week.

58.    Defendants' failure to pay Plaintiff wages at the time-and-one-half overtime wage rate for overtime worked over forty (40) hours per week as required by the FLSA was with actual and/or constructive knowledge of illegality and was therefore willful and intentional and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff for unpaid overtime wages in an amount to be proven at trial, statutory liquidated damages, plus pre- and post-judgment interest, reasonable attorney's fees, the costs of this action, and any other and further relief as this Court deems appropriate.

## COUNT II
### VIOLATION OF THE MWHL
**(Defendants Corinthian
Contractors, Inc., Grunley Construction Co., Inc.,
Coakley & Williams Construction, Inc., Gilbane Development Co.,
GCS-Sigal Construction Company, LLC, and Trinity Group Construction, Inc.)**

59.    Plaintiff re-alleges every allegation set forth above as if each were set forth herein.

60.    During the period of Plaintiff's employment, Corinthian and its co-Defendant superior and/or general contractors on each project on which Plaintiff worked in Maryland, qualified as Plaintiff's employers and/or joint employers under the MWHL.

61.     During the period of Plaintiff's employment, Plaintiff qualified as an employee of Corinthian and its co-Defendant superior and/or general contractors on each project on which Plaintiff worked in Maryland under the MWHL.

62.     While in Defendants' employ, Plaintiff performed overtime work duties for the primary benefit of Defendants in Maryland in excess of forty (40) hours per week, for which Defendants failed to compensate Plaintiff at the time-and-one-half rate required by MWHL for overtime Plaintiff worked over forty (40) hours per week.

63.     Defendants' failure to pay Plaintiff wages at the time-and-one-half overtime wage rate for overtime worked over forty (40) hours per week as required by the MWHL was with actual and/or constructive knowledge of illegality and was therefore willful and intentional and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff for unpaid overtime wages in an amount to be proven at trial, statutory liquidated damages, plus pre- and post-judgment interest, reasonable attorney's fees, the costs of this action, and any other and further relief as this Court deems appropriate.

## COUNT III
### VIOLATION OF THE MWPCL
**(Defendants Corinthian
Contractors, Inc., Grunley Construction Co., Inc.,
Coakley & Williams Construction, Inc., Gilbane Development Co.,
GCS-Sigal Construction Company, LLC, and Trinity Group Construction, Inc.)**

64.     Plaintiff re-alleges every allegation set forth above as if each were set forth herein.

65.     During the period of Plaintiff's employment, Corinthian and its co-Defendant superior and/or general contractors on each project on which Plaintiff worked in Maryland qualified as Plaintiff's employers and/or joint employers under the MWPCL.

66.     During the period of Plaintiff's employment, Plaintiff qualified as an employee of Corinthian and its co-Defendant superior and/or general contractors on each project on which Plaintiff worked in Maryland under the MWPCL.

67.     While in Defendants' employ, Plaintiff performed overtime work duties for the primary benefit of Defendants in Maryland in excess of forty (40) hours per week, for which Defendants failed to fully and timely compensate Plaintiff all earned wages at the time-and-one-half rate required by Maryland law for overtime Plaintiff worked over forty (40) hours per week.

68.     Defendants' failure to fully and timely pay Plaintiff wages at the time-and-one-half overtime wage rate for overtime worked over forty (40) hours per week for work duties performed in Maryland as required by Maryland law with actual and/or constructive knowledge of illegality, was not the product of good faith or a bona fide dispute, and and was willful and intentional.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff for unpaid wages in an amount to be proven at trial, statutory liquidated damages, plus pre- and post-judgment interest, reasonable attorney's fees, the costs of this action, and any other and further relief as this Court deems appropriate.

## COUNT IV
### VIOLATION OF THE VMWA
**(Defendants Corinthian**
**Contractors, Inc., Grunley Construction Co., Inc.,**
**Coakley & Williams Construction, Inc., Gilbane Development Co.,**
**GCS-Sigal Construction Company, LLC, and Trinity Group Construction, Inc.)**

69.     Plaintiff re-alleges every allegation set forth above as if each were set forth herein.

70.     During the period of Plaintiff's employment, Corinthian and its co-Defendant superior and/or general contractors on each project on which Plaintiff worked in Virginia, qualified as Plaintiff's employers and/or joint employers under the VMWA.

71.    During the period of Plaintiff's employment, Plaintiff qualified as an employee of Corinthian and its co-Defendant superior and/or general contractors on each project on which Plaintiff worked in Virginia under the VMWA.

72.    While in Defendants' employ, Plaintiff performed overtime work duties for the primary benefit of Defendants in Virginia in excess of forty (40) hours per week, for which Defendants failed to compensate Plaintiff at the time-and-one-half rate required by VMWA for overtime Plaintiff worked over forty (40) hours per week.

73.    Defendants' failure to pay Plaintiff wages at the time-and-one-half overtime wage rate for overtime worked over forty (40) hours per week as required by the VMWA was with actual and/or constructive knowledge of illegality and was therefore willful and intentional and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff for unpaid overtime wages in an amount to be proven at trial, statutory liquidated damages, plus pre- and post-judgment interest, reasonable attorney's fees, the costs of this action, and any other and further relief as this Court deems appropriate.

## <u>COUNT V</u>
### VIOLATION OF THE VWPA
**(Defendants Corinthian
Contractors, Inc., Grunley Construction Co., Inc.,
Coakley & Williams Construction, Inc., Gilbane Development Co.,
GCS-Sigal Construction Company, LLC, and Trinity Group Construction, Inc.)**

74.    Plaintiff re-alleges every allegation set forth above as if each were set forth herein.

75.    During the period of Plaintiff's employment, Corinthian and its co-Defendant superior and/or general contractors on each project on which Plaintiff worked in Virginia qualified as Plaintiff's employers and/or joint employers under the VWPA.

76.     During the period of Plaintiff's employment, Plaintiff qualified as an employee of Corinthian and its co-Defendant superior and/or general contractors on each project on which Plaintiff worked in Virginia under the VWPA.

77.     While in Defendants' employ, Plaintiff performed overtime work duties for the primary benefit of Defendants in Virginia in excess of forty (40) hours per week, for which Defendants failed to fully and timely compensate Plaintiff all earned wages at the time-and-one-half rate required by Virginia law for overtime Plaintiff worked over forty (40) hours per week.

78.     Defendants' failure to fully and timely pay Plaintiff wages at the time-and-one-half overtime wage rate for overtime worked over forty (40) hours per week for work duties performed in Virginia as required by Virginia law with actual and/or constructive knowledge of illegality, was not the product of good faith or a bona fide dispute, and was willful and intentional.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff for unpaid wages in an amount to be proven at trial, statutory liquidated damages, plus pre- and post-judgment interest, reasonable attorney's fees, the costs of this action, and any other and further relief as this Court deems appropriate.

**COUNT VI**
**VIOLATION OF THE DCMWA**
**(Defendants Corinthian**
**Contractors, Inc., Grunley Construction Co., Inc.,**
**Coakley & Williams Construction, Inc., Gilbane Development Co.,**
**GCS-Sigal Construction Company, LLC, and Trinity Group Construction, Inc.)**

79.     Plaintiff re-alleges every allegation set forth above as if each were set forth herein.

80.     During the period of Plaintiff's employment, Corinthian and its co-Defendant superior and/or general contractors on each project on which Plaintiff worked in the District of Columbia, qualified as Plaintiff's employers and/or joint employers under the DCMWA.

81.     During the period of Plaintiff's employment, Plaintiff qualified as an employee of Corinthian and its co-Defendant superior and/or general contractors on each project on which Plaintiff worked in the District of Columbia under the DCMWA.

82.     While in Defendants' employ, Plaintiff performed overtime work duties for the primary benefit of Defendants in the District of Columbia in excess of forty (40) hours per week, for which Defendants failed to compensate Plaintiff at the time-and-one-half rate required by the DCMWA for overtime Plaintiff worked over forty (40) hours per week.

83.     Defendants' failure to pay Plaintiff wages at the time-and-one-half overtime wage rate for overtime worked over forty (40) hours per week as required by the DCMWA was with actual and/or constructive knowledge of illegality and was therefore willful and intentional and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff for unpaid overtime wages in an amount to be proven at trial, statutory liquidated damages, plus pre- and post-judgment interest, reasonable attorney's fees, the costs of this action, and any other and further relief as this Court deems appropriate.

**<u>COUNT VII</u>**
**VIOLATION OF THE DCWPCL**
**(Defendants Corinthian**
**Contractors, Inc., Grunley Construction Co., Inc.,**
**Coakley & Williams Construction, Inc., Gilbane Development Co.,**
**GCS-Sigal Construction Company, LLC, and Trinity Group Construction, Inc.)**

84.     Plaintiff re-alleges every allegation set forth above as if each were set forth herein.

85.     During the period of Plaintiff's employment, Corinthian and its co-Defendant superior and/or general contractors on each project on which Plaintiff worked in the District of Columbia qualified as Plaintiff's employers and/or joint employers under the DCWPCL.

86.    During the period of Plaintiff's employment, Plaintiff qualified as an employee of Corinthian and its co-Defendant superior and/or general contractor on each project on which Plaintiff worked in the District of Columbia under the DCWPCL.

87.    While in Defendants' employ, Plaintiff performed overtime work duties for the primary benefit of Defendants in the District of Columbia in excess of forty (40) hours per week, for which Defendants failed to fully and timely compensate Plaintiff all earned wages at the time-and-one-half rate required by District of Columbia law for overtime Plaintiff worked over forty (40) hours per week.

88.    Defendants' failure to fully and timely pay Plaintiff wages at the time-and-one-half overtime wage rate for overtime worked over forty (40) hours per week for work duties performed in the District of Columbia as required by District of Columbia law with actual and/or constructive knowledge of illegality, was not the product of good faith or a bona fide dispute and was willful and intentional.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff for unpaid wages in an amount to be proven at trial, statutory liquidated damages, plus pre- and post-judgment interest, reasonable attorney's fees, the costs of this action, and any other and further relief as this Court deems appropriate.

### COUNT VIII
### VIOLATION OF THE FMLA
### (Defendant Corinthian Contractors, Inc.)

89.    Plaintiff re-alleges every allegation set forth above as if each were set forth herein.

90.    During the period of Plaintiff's employment with Corinthian, Corinthian continuously employed more than fifty (50) employees within seventy-five (75) miles from its principal place of business in Upper Marlboro, Maryland.

91.     During the period of at least June 2021 through the termination of Plaintiff's employment in July 2022, Plaintiff was employed by Corinthian as a full-time employee, Plaintiff performed more than One Thousand Two Hundred Fifty (1,250) compensable employment work hours for the benefit of Corinthian.

92.     At all relevant times, Corinthian was Plaintiff's covered and eligible employer under the FMLA.

93.     At all relevant times, Plaintiff was Corinthian's covered and eligible employee under the FMLA.

94.     As an FMLA eligible employee, Plaintiff was entitled to twelve (12) weeks of medical leave for a serious health condition of his own and/or to care for an immediate family member (his minor son) that made him unable to perform the functions of his employment position with Corinthian and required medical leave and/or intermittent medical leave.

95.     The FMLA prohibits an employer from interfering with or restraining an employee's right to take FMLA leave.

96.     The FMLA prohibits an employer from retaliating against an employee that requests and/or takes FMLA leave.

97.     On multiple occasions in June 2022, Plaintiff exercised his rights under the FMLA by requesting and/or taking medically necessary FMLA leave for the purpose of assisting in the medical care and physical and mental health and well-being of his gravely ill and hospitalized minor son and/or seeking leave to attend to his personal physical and mental medical needs.

98.     In or about June 2022, after Corinthian was on notice of Plaintiff's requests and need for FMLA leave, Corinthian failed to provide Plaintiff with any eligibility notice, rights and responsibilities notice, or designation notice as required by the FMLA; nor did Corinthian offer

Plaintiff FMLA leave for his need to care for his gravely ill and hospitalized minor son and/or Plaintiff's own personal serious medical condition.

99.    By denying and/or interfering with Plaintiff's medical leave requests and failing to provide Plaintiff with any of the required FMLA notices, Corinthian, willfully and in bad faith, interfered with, restrained, or denied Plaintiff's exercise of his FMLA rights.

100.    In June 2022, in retaliation for Plaintiff's leave requests and/or taking of FMLA leave, Corinthian retaliated against Plaintiff by subjecting Plaintiff to hostile and highly offensive name calling, intimidation, and harassment in the workplace, subjecting Plaintiff to unfair and increased work duties with exceedingly difficult completion timelines, unfair and undue criticism of his work product, and intimidation and harassment of Plaintiff's wife.

101.    On June 27, 2022, Corinthian interfered with Plaintiff's medical leave and retaliated against him by calling and harassing Plaintiff while on FMLA leave caring for his minor son in the hospital.

102.    Immediately thereafter, on June 30, 2022, Corinthian terminated Plaintiff's employment in direct retaliation of Plaintiff's taking and/or requesting medically necessary FMLA leave to provide and/or assist with medical care for his minor son.

103.    Defendant's decision to terminate Plaintiff's employment was motivated and caused by Defendant's retaliatory motive for Plaintiff's request for and/or taking FMLA leave to provide and/or assist with medical care for his minor son and was willful and in bad faith.

104.    In failing to provide Plaintiff with required FMLA leave notices and thereafter interfering with Plaintiff's FMLA leave, retaliating against Plaintiff for requesting and/or taking FMLA leave, and terminating Plaintiff's employment for taking and/or requesting FMLA leave, Corinthian willfully, and in bad faith, interfered with, restrained, or denied Plaintiff's exercise of

his FMLA rights and retaliated against Plaintiff for exercising his FMLA right by requesting and/or taking medically necessary leave from his employment.

105.    As a result of Corinthian's willful and bad faith interference with Plaintiff's FMLA rights and retaliation against Plaintiff and ultimate termination of Plaintiff's employment for requesting and/or taking legally protected FMLA leave, Plaintiff has suffered, and continues to suffer, lost back and future wages, severe pain and suffering and extreme mental anguish and emotional distress and has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities.

WHEREFORE, Corinthian is liable to Plaintiff for economic, compensatory, and punitive damages in an amount to be proven at trial, plus pre- and post-judgment interest, and any other and further relief as this Court or a jury deems appropriate.

## COUNT VIII:
### WRONGFUL TERMINATION IN VIOLATION OF MARYLAND PUBLIC POLICY
### (Defendant Corinthian Contractors, Inc.)

106.    Plaintiff re-alleges every allegation set forth above as if each were set forth herein.

107.    At all times relevant to this action, Corinthian operated from its principal place of business in Upper Marlboro, Maryland.

108.    At all times relevant to this action, Corinthian's executive, officer level, administrative, and human resources employees operated out of, performed job duties, and managed and controlled and directed Plaintiff's employment from Corinthian's principal place of business, in Upper Marlboro, Maryland.

109.    At all times relevant to this action, Corinthian processed payroll and kept and maintained all employee records for and/or related to Plaintiff at or in Corinthian's principal place of business, in Upper Marlboro, Maryland.

110.    During the period of Plaintiff's employment, Plaintiff performed a substantial portion of his job duties for the benefit of Corinthian within the State of Maryland.

111.    At all times relevant to this action, Corinthian qualified as Plaintiff's employer under Maryland law.

112.    At all times relevant to this action, Plaintiff qualified as Corinthian's employee under Maryland law.

113.    Prior to and during the calendar year 2022, that State of Maryland held an important and expressly stated public policy set forth in the Maryland Health Working Families Act, Maryland Code Title 3 Subtitle 13, 3-1305(a), providing, "An employer shall allow an employee to use earned sick and safe leave (1) to care for or treat the employee's mental or physical illness, injury, or condition; (2) to obtain preventative medical care for the employee or employee's family member; or (3) to care for a family member with a mental or physical illness, injury, or condition.

114.    Prior to and during the calendar year 2022, the State of Maryland held an important and expressly stated public policy set forth in the Maryland Leave for Illness of Immediate Family Act, Md. Code Ann., Lab. & Empl. §§ 3-802(c), providing, "The purpose of subsection (d)(1)(i) ("An employee of an employer may use leave with pay for the illness of the employee's immediate family member") is to allow an employee of an employer to use leave with pay to care for an immediate family member who is ill under the same conditions and policy rules that would apply if the employee took leave for the employee's own illness."

115.    Prior to and during the calendar year 2022, the State of Maryland held an important and expressly stated public policy set forth in the Maryland Family Law Section of the Maryland Code, in Md. Code Ann., Fam. Law § 4-401(1), providing, "The General Assembly declares that

it is the policy of this State to promote family stability, to preserve family unity, and to help families achieve and maintain self-reliance."

116.    As described above, in June 2022, Plaintiff requested and/or took leave from Corinthian, his employer, to visit, care for, provide medical treatment, and provide physical, mental, and emotional health and well-being assistance for his ailing son while he was receiving treatment at Children's National Hospital.

117.    As described above, on or about June 30, 2022, in direct retaliation for Plaintiff requesting and/or taking leave from Corinthian, his employer, to visit, care for, provide medical treatment, and provide physical, mental, and emotional health and well-being assistance for his ailing son while he was receiving treatment at Children's National Hospital, Corinthian terminated Plaintiff's employment in direct contradiction and violation of the clearly stated Maryland public policy providing for and encouraging Plaintiff to take such leave and requiring Corinthian to provide the same.

118.    Corinthian's termination of Plaintiff's employment was motivated and/or caused by Plaintiff's requesting, attempting, and/or exercising of his right to take medically necessary leave to visit and/or care for his gravely ill son who was suffering from a serious medical condition and receiving treatment at Children's National Hospital.

119.    Corinthian's termination of Plaintiff on or about June 30, 2022, and the events leading up to that termination, violated a clearly stated Maryland public policy and evince Corinthian's malice, spite, and ill will, and was done with willful and wanton disregard for Plaintiff's rights and the health and well-being of Plaintiff and his immediate family, including Plaintiff's gravely ill son, and warrant and necessitate an award of punitive damages.

120.    Corinthian's wanton, willful, and malicious disregard for Plaintiff's rights and unlawful termination of Plaintiff's employment in direct violation of a clearly stated Maryland public policy have directly and proximately caused Plaintiff to suffer substantial emotional damages, including anxiety, panic attacks, lack of sleep, nightmares, and has caused Plaintiff to cry all the time, resulting in Plaintiff withdrawing and declining opportunities to engage in social and other previously preferred activities, financial loss arising including lost wages and medical expenses associated past and future mental health treatment to address emotional damages caused by Defendant.

WHEREFORE, Corinthian is liable to Plaintiff for economic, compensatory, and punitive damages in an amount to be proven at trial, plus pre- and post-judgment interest, and any other and further relief as this Court or a jury deems appropriate.

### <u>JURY DEMAND</u>

Plaintiff requests a trial by jury on all facts and issues so triable.

Respectfully submitted,

/s/ Gregg C. Greenberg
Gregg C. Greenberg, DC Fed Bar No: MD17291
Zipin, Amster & Greenberg, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
(301) 587-9373
Email:  ggreenberg@zagfirm.com

*Counsel for Plaintiff*